363 So.2d 56 (1978)
The WICKES CORPORATION, Appellant,
v.
GENERAL ELECTRIC CREDIT CORPORATION, Appellee.
No. 77-2542.
District Court of Appeal of Florida, Third District.
October 10, 1978.
Goldberg, Young, Goldberg & Borkson and Jeffrey S. Altman, Fort Lauderdale, for appellant.
Gunn, Venney & Buhler and Robert E. Venney, Miami, for appellee.
Before HENDRY and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal by The Wickes Corporation (Wickes), one of the defendants below, is from a judgment entered against it on the *57 cross claim of defendant General Electric Credit Corporation (G.E.) on a non jury trial. We hold no reversible error has been shown, and affirm.
A rather complicated commercial transaction was involved. The facts and the law applicable thereto were set out in the trial court's judgment as follows:
"This cause came on before the Court on an order setting it for non-jury trial in which the Plaintiffs, Lock E. Towns and Emma H. Towns, seek a judgment for damages for conversion of a recreational vehicle purchased in 1975 and General Electric Credit Corporation seeks a judgment for damages for conversion of three recreational vehicles which it financed through Swinger Motor Homes in 1975. The parties have submitted the matter for decision by the Court on a stipulated record, including pleadings, affidavits and depositions on file.
The Cross-Defendant, Defendant Wickes Corporation, held a Security Agreement that described the inventory and proceeds of inventory of Swinger and filed with the Secretary of State a financial statement that described inventory, proceeds of inventory and chattel paper. Wickes then financed inventory of Swinger Motor Homes in Broward County, Florida during 1975; and upon finding defaults in its security agreement with Swinger, repossessed on August 4, 1975, all of the inventory of Swinger Motor Homes from its location in Broward County, Florida.
Three of the motor homes that are the subject of this action had been subject to purchase agreements by the Plaintiffs, Lock E. Towns and Emma H. Towns, and two other purchasers in which possession of the vehicles had been delivered by Swinger to the customer purchasers and General Electric Credit Corporation had purchased the installment security agreement that had been executed by Swinger's customers Robert Mucha, Sheldon Mayer and Lock E. Towns and Emma H. Towns.
General Electric Credit Corporation paid on July 30, 1975 to Swinger, $16,000 on behalf of Robert Mucha, on August 4, 1975, $19,000 on behalf of Sheldon Mayer, and on July 31, 1975, $16,000 on behalf of Lock E. Towns and Emma H. Towns.
The recreational vehicles had been delivered to the respective customer purchasers of Swinger and then redelivered to the Swinger premises on an understanding that Swinger would make arrangements for the rental of the vehicles on behalf of the various customers.
Wickes Corporation repossessed the vehicles from the premises of Swinger and the parties Lock E. Towns and Emma H. Towns, and General Electric Credit Corporation now request damages for conversion as of August 4, 1975.
The Court finds that the sale of the vehicles by Swinger to its three customers was to buyers in the ordinary course of business, Uniform Commercial Code 671.201(9), and that such buyers take free of a security interest of inventory, Uniform Commercial Code, Florida Statutes Sec. 679.307(1).
General Electric Credit Corporation was the purchaser for value of the customer installment purchase security agreements. It took possession of the security agreements in the ordinary course of business, with no specific knowledge of the security interest of Wickes and it is entitled to recover the consideration it paid for the security agreements, Uniform Commercial Code, Florida Statutes Sec. 679.308, and the Court being otherwise advised, it is:
Adjudged as follows:
1. General Electric Credit Corporation recovers from the Defendant, Wickes Corporation, the sum of $51,000, together with legal interest from August 4, 1975, in the amount of $6,052, for a total of $57,052, together with its costs, for which let execution issue.
2. The plaintiffs, Lock E. Towns and Emma H. Towns, shall have judgment for the direct monetary loss by reason of the conversion of Wickes Corporation upon submission of competent evidence of same on or before December 15, 1977.
3. The motion to dismiss the complain by General Electric Credit Corporation is granted, with prejudice.
*58 The appellant urges here that its security interest, which covered the seller's inventory including items returned to its inventory, was superior to the security interest of the paper assignee, G.E. It is the contention of the appellee G.E. that its security interest was paramount. The trial court properly held that G.E., as purchaser for value of the customer installment purchase security agreements, with no specific knowledge of the security interest of Wickes, held superior thereto, under the Uniform Commercial Code. See Section 679.308 Florida Statutes (1975).
Appellant's claim of superiority of security interest with respect to the involved vehicles is based on a theory that the said returned vehicles became a part of the seller's inventory, and thereby were brought under Wickes' security interest. Appellant's contention in that connection is unsound, because when the purchasers of said vehicles redelivered them to the seller, with an arrangement for the latter to lease them out for the purchasers' account, that was not a return of the vehicles to inventory, and did not cause them to become a part of the sales inventory. See Section 679.306(5), Florida Statutes (1975).
Affirmed.